IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIRAWAN S. FABER, as the Administrator of the Estate of Deceased Sutthiphong Sandod, | Case No. 1:19-cv-00849 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| PNA TRANSPORT, LLC, et al., | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Before the Court is Defendant Jennifer Albanna's ("Albanna") Motion for Relief from Default Judgment filed on March 27, 2024. (Doc. No. 55.) On April 10, 2024, Plaintiff Jirawan S. Faber, administrator of the estate of deceased Sutthiphong Sandod ("Plaintiff") filed an Opposition. (Doc. No. 56.) Albanna did not file a reply in support of her Motion.

For the following reasons, the Court DENIES Albanna's Motion for Relief from Default Judgment.

**I.    Background**

On April 16, 2019, Plaintiff filed a wrongful death/survivorship action against Defendants for their alleged negligence in a motor vehicle accident that resulted in the death of Sutthiphong Sandod. (Doc. No. 1.) On April 23, 2019, the Clerk mailed a summons and the Complaint via certified mail to Albanna at her home at 27979 Southern Avenue in North Olmsted, Ohio. On May 23, 2019, the U.S. Postal Service marked the mail as "unclaimed" and returned it to the sender.[1] (Doc. No. 22-2.)

---

[1] The Clerk received the returned mail on August 28, 2019, and filed the unsigned certified mail return receipt and the envelope marked "unclaimed." (Doc. No. 36.)

On July 10, 2019, Plaintiff filed a Motion for an Extension of 60 days to effectuate service on Albanna, which the Court granted on July 15, 2019. (Doc. No. 22; Non-Document Order dated July 15, 2019.)

On July 16, 2019, the Clerk again mailed a summons and the Complaint via certified mail to Albanna at her home address. On July 23, 2019, the Clerk filed a certified mail return receipt. (Doc. No. 25.) Someone at the address signed the return receipt, and it shows that delivery was made on July 18, 2019. (*Id.*)

On August 27, 2019, Plaintiff filed an Application for Entry of Default against Albanna, which the Clerk granted the same day. (Doc. Nos. 33, 45.) On February 14, 2020, Plaintiff filed a Motion for Default Judgment against all Defendants, including Albanna. (Doc. No. 43.) On May 15, 2020, the Court granted Plaintiff's Motion and entered a Default Judgment against Defendants jointly and severally for $1,154,511.13.[2] (Doc. No. 45.)

On March 27, 2024, Albanna filed a Motion for Relief from the Default Judgment under Federal Rules of Civil Procedure 60(b)(4) and (b)(6). (Doc. No. 55.) She attached an affidavit to her Motion generally averring that she never received service. (Doc. No. 55-1.) On April 10, 2024, Plaintiff filed an Opposition to Albanna's Motion. (Doc. No. 56.) Plaintiff attached to the Opposition an affidavit from attorney Robert B. Weltman who represented Plaintiff to collect on the Default Judgment. (Doc. No. 56-1.)

---

[2] The Clerk mailed copies of both the Entry of Default and the Default Judgment to Albanna at her home address. Neither was returned as not deliverable.

**II.     Law and Analysis**

While Albanna moves for relief from the Default Judgment under Federal Rules of Civil Procedure 60(b)(4) and (b)(6), she does not address (b)(6) in her Motion. In any case, (b)(4) is the appropriate rule for seeking relief from a default judgment due to improper service. *See Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). Accordingly, the Court will solely analyze Albanna's Motion under Rule 60(b)(4).

**A.     Rule 60(b)(4)**

Rule 60(b)(4) provides, in pertinent part, that a "court may relieve a party or its legal representative from a final judgment" such as a default judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4); *see also* Fed. R. Civ. P. 55(c). A default judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction . . . [over] the parties." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). For a court to have jurisdiction over the parties, there must be "proper service of process." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Thus, if service of process was improper, the court lacks jurisdiction, which makes the default judgment void, and the court must grant relief from the judgment. *See Burrell*, 434 F.3d at 831.

Though courts favor the "finality of judgments and termination of litigation," *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), they also value "the disposition of cases on their merits." *Burrell*, 434 F.3d at 832. Therefore, on a motion for relief from a default judgment, a court must "construe all ambiguous or disputed facts in the light most favorable to the defendant." *Id*. Here, that means the Court must resolve "all factual doubts" in Albanna's favor. *Id*.

3

### B. Timeliness

A party must file a motion seeking relief from a final judgment "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Courts look to "the length of the delay, the explanations for the delay, the prejudice to the opposing party caused by the delay[,] and the circumstances warranting relief." *Associated Builders & Contractors v. Mich. Dep't of Labor & Econ. Growth*, 543 F.3d 275, 278 (6th Cir. 2008).

In her affidavit, Albanna avers that she "became aware of the fact that Plaintiff obtained a judgment against [her] in this action" on or about November 15, 2023, when Plaintiff filed a foreclosure complaint against her in the Cuyahoga Court of Common Pleas. (Doc. No. 55-1, ¶ 3.) She then "immediately" searched for an attorney to file a motion for relief from the default judgment "as soon as practicable." (*Id*. at ¶ 4.) On December 12, 2023, she met with and retained attorney Patrick J. Milligan to represent her in the state foreclosure action and to file a motion for relief from the Default Judgment in this Court. (*Id*.) Albanna eventually filed her Motion for Relief on March 27, 2024, over four months after she was aware of the default judgment and over three months after retaining attorney Milligan to represent her. Albanna provides no explanation for this delay in her Motion.

Plaintiff responds that Albanna actually knew of the Default Judgment against her over a year earlier than she avers. (Doc. No. 56, PageID# 539.) Plaintiff retained attorney Robert B. Weltman to collect the Default Judgment. (Doc. No. 56-1, ¶ 3.) On August 31, 2022, attorney Weltman filed the Default Judgment with the Cuyahoga Court of Common Pleas. (*Id*. at ¶ 4.) On November 29, 2022, he deposed Albanna. (*Id*. at ¶ 14.) At the start of Albanna's deposition, attorney Weltman

4

explained that "on May 15, 2020, a monetary judgment was rendered in favor of the Plaintiff against all Defendants, including Jennifer Albanna." (*Id*. at ¶ 15.) Later, he told Albanna that he "was hired by the Plaintiff . . . to collect a judgment rendered against you . . . . All I know is that the Court found against you on the case." (*Id*. at ¶ 19.) Albanna responded:

> A. Because I couldn't afford a lawyer. And I don't know how they found against me on the case when I was never an owner of the company.
> Q. So, I am not here to debate whether you owe the money or not because I am hired to collect the judgment. **If you want to attack the judgment, then you have to seek appropriate relief**. So, I have every right to know everything there is about you.
> A. Fair.

(*Id*. at ¶ 20 (emphasis added).)

After her deposition, Albanna exchanged several emails with attorney Weltman. Notably, on December 11, 2022, Albanna wrote that "I am hiring a lawyer to represent me at this time. . . . We will be appealing the verdict . . . ." (*Id*. at PageID# 684.) Again, on December 16, 2022, she wrote that "I am retaining a lawyer." (*Id*. at PageID# 689.) Finally, on December 21, 2022, she wrote that she was in the hospital and that "[w]hen, and if I get out of here, I will be representing myself and filing a motion with the court to vacate their previous ruling." (*Id*. at PageID# 693.)

Albanna did not file a reply disputing either her deposition testimony or her email exchanges with attorney Weltman.

Based on the above, the Court concludes that Albanna was aware of the Default Judgment against her as early as November 29, 2022, or over a year and three months before filing her Motion for Relief from Default Judgment. Albanna provides no explanation whatsoever why she delayed well over a year before filing her Motion for Relief. Absent any explanation, the Court finds that a year and three months is not a "reasonable time" under Rule 60(b)(4). *See Days Inns Worldwide*, 445

F.3d at 906 (finding an 11-month delay with no explanation to be unreasonable); *see also Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 313 (6th Cir. 2019) (finding a delay of "almost eleven months" with no reason offered to be unreasonable). Accordingly, the Court denies Albanna's Motion as untimely.

### C. Service of Process

Even if Albanna had filed her Motion within a reasonable time, she would not be entitled to relief from the Default Judgment since service of process was proper. As the party seeking relief under Rule 60(b), Albanna "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Salem Pointe Capital, LLC v. Rarity Bay Partners*, 854 F. App'x 688, 700 (6th Cir. 2021) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Here, that means she bears the burden of establishing that service was improper. *Killing v. Craft Auto. Repair, LLC*, 2023 U.S. Dist. LEXIS 148623 at *14 (N.D. Ohio Aug. 23, 2023).

Under Federal Rule of Civil Procedure 4, a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Ohio law allows service by certified mail "[e]videnced by return receipt **signed by any person**." Ohio R. Civ. P. 4.1(A)(1)(a) (emphasis added). "The 'any person' language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly." *Cuc Props. VI, LLC v. Smartlink Ventures, Inc.*, 178 N.E.3d 556, 560 (Ohio Ct. App. 1st Dist. 2021). "A signed return receipt raises a presumption of proper service, which can be rebutted with evidence that service never occurred." *Breezley v. Hamilton Cty.*, 674 F. App'x 502, 506 (6th Cir. 2017) (applying Ohio law).

Albanna attempts to rebut the presumption of proper service by averring in her affidavit that the signature on the certified mail return receipt (Doc. No. 25) is not hers. (Doc. No. 55-1, ¶ 6.) Yet Albanna admits that she has "continuously resided at the property located at 27979 Southern Avenue, North Olmsted, OH 44070 since before the lawsuit in this case was filed through the present date." (*Id*. at ¶ 10.) And she asserts that "the only other persons residing with [her] at the property were [her] minor children." (*Id*.)

Albanna does not dispute that the Clerk sent the summons and the Complaint to her avowed home address. And she does not contest the fact that "a[] person" at the address signed the return receipt.[3] Therefore, under Rule 4 and Ohio law, there is a presumption of proper service on Albanna. *See Cincinnati Ins. Co. v. Hall*, 2022 Ohio App. LEXIS 1013 at *11 (Ohio Ct. App. 2d Dist. April 1, 2022) (holding that even an illegible signature on a return receipt is prima facie evidence of proper service). Albanna's averment that she did not sign the return receipt fails to overcome this presumption simply because it does not matter under Ohio law whether the signature on the return receipt is hers. Accordingly, even if her Motion were timely, Albanna has not met her burden of showing improper service of process.

## III.  Conclusion

For the foregoing reasons, the Court DENIES Albanna's Motion for Relief from Default Judgment. (Doc. No. 55.)

---

[3] Nor does she aver or provide evidence that someone else signed the return receipt, such as her minor children or the mail carrier.

**IT IS SO ORDERED.**

Dated: May 29, 2024

       *s/ Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE